UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBYN ASTAIRE

                              Plaintiff,

- against -

PHYLLIS AVA ASTAIRE MCKENZIE, PATRICIA WATT, YARON GLUCKSMAN, and, CAREER TRANSITION FOR DANCERS, INC.

                              Defendants.

Civil Action No.
10CV4305

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MCKENZIE, WATTS AND CAREER TRANSITION FOR DANCERS,
INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I.    **INTRODUCTION**

This court does not have subject matter jurisdiction over this action and defendants McKenzie, Watt and Career Transition For Dancers, Inc. (hereinafter "Defendants") hereby move pursuant to Fed. R. Civ. P. 12(b)(1) for a dismissal with prejudice. There is no diversity jurisdiction under 28 U.S.C §1332 since both the plaintiff and defendant Ava Astaire McKenzie are both domiciled in the state of California and there is not complete diversity between the parties. *See, City of Indianapolis v. Chase Nat. Bank of New York*, 314 U.S. 63, 69, 62 S, Ct, 15, 86 L. Ed. 47 (1947). As explained below, the Lanham Act does not apply to a right to publicity claim for a deceased celebrity. Therefore, there is no federal question jurisdiction and this

action must be dismissed for lack of subject matter jurisdiction.

The right to publicity is strictly a state law claim and the Lanham Act does not provide a cause of action for a right to publicity. Some version of the right to publicity is recognized in 42 states; by statute in 18 states.[1] But because there is no uniform nation-wide application of law regarding the right to publicity, several groups are pressing for Congressional enactment of a federal right to publicity law. Both the American Bar Association and the International Trademark Association, recognizing that the Act does not countenance a right to publicity claim, have proposed amendments to the Lanham Act to add a federal right of publicity that would specifically preempt all state law, both statutory and common law.[2] Despite the fact that the Act was not intended to protect a property right in one's personal likeness or image, the Lanham Act has been invoked (for the most part unsuccessfully) when living celebrities try to shoehorn a right to publicity claim into a false endorsement claim under 15 U.S.C. §1125(a). While Lanham Act false endorsement claims have been used as a vehicle for what is essentially a right to publicity claim, if there is nothing about a defendant's use of plaintiff's likeness that implies personal endorsement, the claim will generally be dismissed. *Albert v. Apex Fitness Inc.*, 44 U.S.P.Q.2d 1855, 1856 (S.D.N.Y. 1997).

In the case at bar, there is no trademark in the name Fred Astaire and the only cognizable right that plaintiff may have, if and when proof of her ownership of such right has been established, is a right to publicity. The California statute specifically excludes liability for acts not directly carried out in the state. See Cal. Civ. Stat. § 3344(n). *Cairns v. Franklin Mint*, 120

---

[1] Can the Lanham Act Protect Tiger Woods? An Analysis of Whether The Lanham Act is A Proper Substitute for a Federal Right of Publicity, Barbara A. Solomon, 1202 TMR, Vol. 94, 2004, at notes 9 and 10.

[2] See INTA's Adpoted Resolution on the Federal Right of Publicity at: http://www.inta.org/index.php?option=com_content&task=view&id=285&Itemid=153&getcontent=3 and see the ABA's proposal at: http://www.abanet.org/intelprop/annualreport04/content/01-02/COMMITTEE%20NO%20201.pdf

F.Supp.2d 880, 883 (C.D. Cal. 2000). Because plaintiff has no right to publicity for acts carried out only in the State of New York, she now tries to assert an improper Lanham Act claim. But because the Lanham Act does not provide for a right to publicity claim as a matter of law, it does not apply in this case and this court does not have subject matter jurisdiction over this matter.

II.    FACTS

Fred Astaire was a world famous dancer who has been dead since 1987 and most U.S. consumers are aware that Fred Astaire is dead. Plaintiff's complaint did not identify a single service or product that the name of Fred Astaire is associated with. Indeed, plaintiff's admits that there is no secondary meaning to the name Fred Astaire. Plaintiff Memorandum of Law In Support of Temporary Restraining Order and Preliminary Injunction at pages 3 and 12. Thus, there is no trademark in the name Fred Astaire. Indeed, plaintiff has filed at least 14 applications for a federal trademark in the name and failed to obtain such mark every time. Declaration of M. Veronica Mullally dated June 2, 2010 (hereinafter Mullally Decl.) at Exhibit 1. In her most recent application, the USPTO, in an office action, has stated that the name Fred Astaire "does not function as a trademark for identifying and distinguishing applicants goods from those of others and to indicate the source of goods." Mullally Decl. at Exhibit 2. Similarly, in plaintiff's application for a federal trade for the mark ASTAIREAWARDS she made a sworn statement to the USPTO that she had no prior use of the mark and was applying under Section 1(b) on an *intent to use* basis. Mullally Decl. at Exhibits 3 and 4. Thus, based on the allegations in Plaintiffs complaint, the only property right plaintiff m*ay* own is the posthumous right to publicity in the name Fred Astaire.

The Fred and Adele Astaire Awards is a charitable benefit event presented by Ava Astaire McKenzie in tribute to her father and aunt who began their careers as Broadway dancers.

It is an entertainment show where there will be a presentation of the biographical story of Fred and Adele and performances by dancers who are being recognized by non-monetary awards for excellence in dance on Broadway. Mullally Decl. at ¶9. The invitations and website related to the event all make clear that the event is for the benefit of charity and is presented by Ava Astaire and produced by Patricia Watt. Mullally Decl. at Exhibits 5 and 6. Indeed articles covering the award have disclosed the same attribution. Plaintiff's Order to Show Cause with Temporary Restraining Order, Exhibit 8, 6 and 11 pages in. The organizers make no claim of sponsorship or endorsement by plaintiff or indeed by Fred Astaire and there are no goods and services being promoted or endorsed.

## III.  ARGUMENT

### A.  The Lanham Act Does Provide A Right To Publicity Claim

Only one case has attempted to apply a Lanham Act false endorsement claim to a right to publicity claim for a deceased celebrity where there is no trademark in the name and the name is not associated with any goods or services. *Cairns v. Franklyn Mint Co.* 107 F. Supp.2nd 1212 (C.D.Cal. 2000), *aff'd,* 292 F.3rd 1139 (9th Cir. 2002). Indeed, commentators cite only that single case in which the court considered a Lanham Act false endorsement claim in such circumstances. *See* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §28:15 (4th ed. 1996). In an earlier decision, *Cairns* v. *Franklin Mint,* 24 F. Supp.2d 1013 (C.D. Cal. 1998), *aff'd* unpublished opinion, 216 F.3rd 1082 (9th Cir. 2002), the estate of Princess Diana addressed the right to publicity claim against the same defendant who was using the image of Diana on memorabilia products. But, because the plaintiff was domiciled in the U.K., the Court held that the California right to publicity statute did not apply and granted a motion to dismiss the right to publicity claim. *Id.* at 1029. On plaintiff's false endorsement claim under

the Lanham Act, the court looked to false endorsements cases brought by *living* celebrities under the Lanham Act where the unauthorized use of the celebrity's identity was used to falsely associate the celebrity with goods "which is likely to confuse consumers as to the plaintiff's sponsorship or approval of the product." *Cairns v. Franklyn Mint Co.* 107 F. Supp.2d 1212, 1214 (C.D.Cal. 2000), *aff'd,* 292 F.3rd 1139 (9th Cir. 2002). The court stated:

> Although these cases clearly establish the right of a living celebrity to assert a claim for false endorsement, as this court has observed in this case, *neither the availability nor the parameters of a false endorsement claim brought by the estate of a celebrity have been established.* Plaintiffs point to no authority to support their contention that they may assert the claim based on the use of Princess Diana's image.

*Id.* at 1215 (*emphasis added*).

The *Cairns* court "hesitated" to employ the analysis from the cases dealing with living celebrities stating: "*it is not clear that a deceased celebrity's estate possesses the same scope of endorsement rights.*" *Id.* (*emphasis added*). The court also distinguished between the right to publicity and false endorsement claims as follows:

> *Not all uses of a celebrity's image are actionable under §1125(a)*, only uses which suggest sponsorship or approval are prohibited. Unlike the broader right of publicity, which is infringed by the 'unpermitted use if a person's identity' containing 'no false inference that plaintiff endorses or approves the product,' §1125(a) prohibits only false endorsement, not mere use of an image or name."

*Id. at* 1214 (citing J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, 28:14 (4th ed. 1996) (*emphasis added*).

Although the *Cairns* court did ultimately analyze the false endorsement claim and found it without merit, that court had diversity jurisdiction over the parties and did not pursue an analysis of whether there was in fact any basis for applying the Lanham Act to a claim brought

by the estate of a deceased celebrity where no trademark or association with goods and services existed.

### (ii) The use of the mark "Fred Astaire" does not implicate the source-identification purpose of trademark protection and thus falls outside of the scope of 15 U.S.C. 1125(a).

To bring a claim under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) a plaintiff must show that the defendant's use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading representation of fact" in connection with the defendant's goods of services "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the defendant with the plaintiff, "or as to the origin, sponsorship, or approval" of defendant's goods or services by plaintiff. 15 U.S.C. § 1125(a). Thus, § 1125(a) protects the use of a celebrity's image which would suggest sponsorship or approval by the celebrity of a product or a service which is likely to confuse consumers as to the plaintiff's sponsorship or approval of the product, as opposed to the right of publicity which protects broader rights and is infringed by the mere unauthorized use of a person's identity. *Cairns v. Franklin Mint Co.*, 107 F. Supp.2d 1212, 1214 (C.D. Cal., 2000) *aff'd* 292 F.3 1139 (9th Cir. 2002)(citing J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, 28:14 (4th ed. 1996)). Therefore, the threshold question for the court in determining whether a false endorsement cause of action exists is: does Defendants' use of the name, Fred Astaire, in the name of the event "The Fred and Adele Astaire Awards" suggest sponsorship by Fred Astaire or the endorsement of any products by Fred Astaire? The answer is clearly no.

More importantly, Fred Astaire has been dead for many years and the public is aware of his death, so there is no likelihood that consumers will be confused that Fred Astaire is endorsing,

sponsoring or approving the event. Moreover, the invitation, the website and articles covering the event all expressly specify that the event is presented by Ava Astaire in tribute to her father and aunt and produced by Patty Watts – there is nothing to indicate that the event is sponsored in any way by the estate of Fred Astaire – quite the opposite is true. Mullally Decl. Exhibits 5 and 6.

### (ii) Defendants' Use of The Name Fred Astaire Constitutes Informational Expression and/or, Artistic Expression and Is Thus Protected By the First Amendment which Precludes a Lanham Act Claim

An additional reason why the Lanham does not apply in this case is the First Amendment right to free speech. In *Rogers v. Grimaldi*, 875 F.2d 994 (2d cir. 1989), the Second Circuit adopted a balancing test to determine whether a Lanham Act claimcan properly be asserted. *Id.* at 999. The test weighs "the public interest in avoiding consumer confusion" against "the public interest in free expression." *Id.* Under the *Rogers* test, the proper balance between trademark law and free expression *"will normally not support application of the Lanham Act* unless the title [1] has no artistic relevance of the underlying work whatsoever, or…[2] the title explicitly misleads as to the source or the content of the work." *Id.* In the *Rogers* case, the dancer, Ginger Rogers, sued the producers and distributors of "Ginger and Fred," a film about a pair of dancers nicknamed for Rogers and Fred Astaire. Applying the test, the Court rejected Rogers's false endorsement claim. The court held that because the film's title is entirely truthful as to its content in referring to the film's fictional protagonists, and has genuine relevance to the film's story and because the title did not explicitly indicate that Rogers endorsed the film or had a role in producing it, free speech concerns outweighed evidence that "some members of the public would draw the incorrect inference that Rogers had some involvement with the film." *Id.* at 1001.

Applying the *Rogers* test to the facts of the instant case, it is clear that the same free speech concerns outweigh any possibility that some people looking at the title of the Fred and Adele Astaire Awards event might think that Fred Astaire or his estate were somehow involved with the event. Just as in the *Rogers* case, the title of the event is entirely truthful as to its content, i.e., Ava, Fred Astaire's daughter is presenting an awards event in tribute to her father and aunt, Fred and Adele Astaire. Also, there will be a biographical presentation and performance about Fred and Adele's careers on Broadway as well as performances by the dancers being honored. Mullally Decl. at ¶9. Second, no where is there any mention or suggestion that Fred Astaire's estate endorsed, sponsored or produced the event. *Id.* at Exhibit 5 and 6. Therefore, because public confusion is highly unlikely, the *Rogers* test must favor free speech and preclude application of the Lanham Act.

## IV. CONCLUSION

Therefore, for all the foregoing reasons, Defendants respectfully request that this action be dismissed for lack of subject matter jurisdiction.

Dated: June 2, 2010
      New York, NY

 

*Veronica Mullally*
M. Veronica Mullally, Esq. (MM9985)
Lani Questembert, Esq. (LQ2072)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000
veronica.mullally@hoganlovells.com
lani.questembert@hoganlovells.com
Attorneys for Defendants McKenzie, Watt and Career Transition for Dancers, Inc.