UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
ROBYN ASTAIRE,

                Plaintiff,          <u>OPINION</u>

      -against-           10 Civ. 4305 (MGC)


PHYLLIS AVA ASTAIRE MCKENZIE, PATRICIA
WATT, YARON GLUCKSMAN,
and CAREER TRANSITION FOR DANCERS,
INC.

                Defendants.

--------------------------------X

APPEARANCES:

        CAPLAN AND ROSS, LLP
        Attorneys for Plaintiff
        270 Madison Avenue, 13th Floor
        New York, NY 10016

        By:  Brian D. Caplan, Esq.
            Jonathan J. Ross, Esq.

        HOGAN LOVELLS US LLP
        Attorneys for Defendants
        875 Third Avenue
        New York, NY 10022

        By:  M. Veronica Mullally, Esq.
            Lani Questembert, Esq.

**Cedarbaum, J.**

Robyn Astaire, the widow of the great dancer Fred Astaire who died in 1987, sues her step-daughter, Phyllis Ava Astaire McKenzie, Patricia Watt and Yaron Glucksman, two Broadway producers, and Career Transition for Dancers, Inc., a not-for-profit corporation that assists dancers in launching second careers. She sues to enjoin defendants from presenting the "Fred and Adele Astaire Awards." Specifically, the complaint alleges that defendants' use of Fred Astaire's name violates the Lanham Act, infringes a common law trademark, and violates the California right of publicity. For the reasons that follow, plaintiff's application for a temporary restraining order is denied.

Essentially, plaintiff claims a right of publicity in the name Fred Astaire. The Lanham Act does not create a right of publicity without either secondary meaning or likelihood of confusion, the essential elements of a trademark claim. Plaintiff has made no showing that an "Astaire Awards" presentation has acquired a secondary meaning. Plaintiff has not shown that consumers will be deceived into believing that the late Fred Astaire endorsed defendants' awards, which are described as "in tribute" to Fred and Adele Astaire. Accordingly, plaintiff has not shown a likelihood of success on the merits or irreparable harm from the presentation of an award in memory of two great

dancers, Fred Astaire and his sister Adele.

For the foregoing reasons, plaintiff's application for the extraordinary relief of a temporary restraining order is denied.

SO ORDERED.

Dated:    New York, New York
          June 8, 2010

                              S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge